IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2008 MAR -4 A 10: 26

| | |
|---|---|
| WILLIAM LANIER ELLIS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) NO.: 3:07-CV-1095-MEF |
| DENNIS GREENE, et al., | ) |
| | ) |
| Defendant, | ) |

## ANSWER

Comes now Defendant, **DENNIS GREENE**, and files this his Answer and would state as follows:

1.     Defendant denies each and every allegation contained in Plaintiff's Complaint other than his name and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

Defendant avers that any damages or loss sustained by Plaintiff was not proximately caused by Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant is not guilty of contributory negligence.

### ADDITIONAL DEFENSES

1.     This Defendant denies the allegations of the Complaint and demand strict proof of same.

2.     This Defendant plead the general issue.

3. This Defendant avers that the Complaint fails to state a cause of action entitling Plaintiff to relief.

4. Each Defendant, separately and severally, pleads insufficiency of process, insufficiency of service of process and improper service.

5. This Defendant pleads statute of limitations.

6. This Defendant committed no act or omission nor did they breach any duty that caused or contributed in any manner to the injuries and damages complained of by the Plaintiff.

7. Defendant denies that they have acted in any negligent or wanton manner that caused or contributed to Plaintiffs' alleged damages.

8. This Defendant alleges that the Plaintiff suffered damages which were not within their control to either cause or prevent.

9. This Defendant denies any proximate cause between any of their alleged acts or omissions and any damages suffered by the Plaintiff.

10. This Defendant avers that the damages suffered by the Plaintiff were caused by an efficient intervening cause which would insulate this Defendant from liability.

11. This Defendant denies that any act committed or done was the proximate cause of the damages suffered by the Plaintiff.

12. The award of punitive damages claimed by the Plaintiff violates Article 1, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article 1, Section 6

and other provisions of the Constitution of Alabama on the following separate and several grounds:

    a.    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

    b.    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing.

    c.    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgment against alleged joint tort-feasors.

    d.    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant.

    e.    That civil procedures to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

    f.    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

    g.    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

      h.    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

      i.    That civil procedures pursuant to which punitive damages are awarded fail to provide clear consistent appellate standard of review of an award of punitive damages.

      j.    That civil procedure pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

      k.    That standard of conduct upon which punitive damages are awarded is vague.

      l.    That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

      m.    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

      n.    The civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious and oppressive penalties.

      o.    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

13. This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code Section 6-11-21 (Repl. Vol. 1993).

14. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect.

15. Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Curt cannot abolish the cap created by the legislature on punitive damages through judicial decision. See Honda Motor Company, Ltd. V. Oberg, 114 S.Ct. 2331 (1994).

16. To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damages awards to be assessed for the same act or omission against the Defendant, this award contravenes the Defendant's right to due process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article 1, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

17. With respect to the Plaintiffs' demand for punitive damages, the Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated in the decision of BMW North American, Inc. v. Gore, 517 U.S. 559, S. Ct. 1589, 134L.Ed.2s 809(1996).

18. This Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against this Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in <u>BMW North American, Inc. v. Gore</u>, 517 U.S. 559, S. Ct. 1589, 134L.Ed.2s 809(1996).

19. The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by the Plaintiff in this lawsuit, constitutes a violation of the Due Process Clause of the Constitution of the United States, under authority <u>BMW North American, Inc. v. Gore</u>, 517 U.S. 559, S. Ct. 1589, 134L.Ed.2s 809(1996). The allegations made by the Plaintiff in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant as to deprive Defendant of due process of law.

20. This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, Equal Protection Clause and other provisions of the United States Constitution including, but not limited to, as follows:

(a) Due Process Clause - Fourteenth Amendment to the Constitution of the United States:  Punitive damages are vague and not rationally related to legitimate governmental interests.

(b)     Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal Defendant.

(c)     Self-Incrimination Clause – Fifth Amendment to the Constitution of the United States: It violates the right against self-incrimination to impose punitive damages against the Defendant that are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

(d)     Excessive Fines Clause – Eight Amendment to the Constitution of the United States: In the event that any portion of a punitive damages award against Defendant were to inure to the benefit of any state, governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

21.     Defendant pleads the statutory cap applicable to any award of punitive damages.

22.     Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against each in the Complaint.

_____
JAMES P. GRAHAM, JR. (GRA-030)
712 13th Street
P.O. Box 3380
Phenix City, Alabama 36867
(334) 291-0315

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon **Mr. William Lanier Ellis,** by placing a copy of the same in the United States Mail, postage prepared and attached, addressed to their last known address as follows:

Mr. William Lanier Ellis
Russell County Jail
P.O. Box 640
Phenix City, Alabama 36868-0640

This the 3rd day of March, 2008.

_____
Of Counsel