**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM LANIER ELLIS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:07-cv-1095-MEF-SRW** |
| | ) | |
| **DENNIS GREENE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT KING'S SUPPLEMENT TO HIS SPECIAL REPORT

COMES NOW Russell County Sheriff's Deputy Stanley King, a Defendant in the above styled cause, and submits this Response to the Court's Order to Supplement as follows:

1)      On December 18, 2007, the Plaintiff filed his Complaint with this Court, naming as Defendants, Dennis Greene and Stanley King, both of whom he designated as "Investigators," and on December 27, 2007, the Plaintiff filed his Amended Complaint.  (Docs. 1, 2.)

2)      On January 8, 2008, the Court ordered these Defendants to file a Special Report, and on February 15, 2008, the Court granted Deputy King's Motion for Extension of Time, setting the deadline for his Special Report as March 18, 2008.  (Docs. 3, 4, 5.)

3)      On March 3, 2008, Defendant Greene filed an Answer to the Plaintiff's Complaint.  (Doc. 14.)

4)      On March 18, 2008, Defendant King filed his Special Report and Answer with this Court, asserting, *inter alia*, that he was not involved in any allegation of the Plaintiff's Complaint; that the Plaintiff failed to satisfy the minimum requirements of the PLRA; that, even if he had been involved, Investigator King is entitled to absolute and qualified immunity from the Plaintiff's claims as an Investigator for the Russell County Sheriff's Office.  (Docs. 18, 19.)

5)      On March 19, 2008, the Court Ordered Defendant Greene to Show Cause why he failed to comply with the Court's January 8, 2008, Order and why he failed to file a Special Report.  (Doc. 20.)

6)      On March 31, 2008, Defendant Greene filed a Response to this Court's Show Cause Order, stating that he adopts Defendant King's Special Report because it sufficiently addressed the claims against him.  (Doc. 25.)

7)      On March 31, 2008, this Court issued an Order to Supplement Defendant King's Special Report, as adopted by Defendant Greene, to address issues specific to Defendant Greene. (Doc. 26.)

8)      Neither Defendant King, nor his counsel, has had any contact with Defendant Greene or his counsel regarding this Special Report.  Defendant King filed his Special Report on his behalf only and did not intend to file it on behalf of Defendant Greene.[1]

9)      Defendant King does not have any knowledge regarding the information sought by the Court in its Order to Supplement, nor does he otherwise have access to that information.

10)     In his Special Report, Defendant King has provided the Court with all the evidence necessary to entitle him to a dismissal of the Plaintiff's claims against him, and he reasserts those grounds here.

Respectfully submitted this 31st day of March, 2008.

> **s/Joseph L. Hubbard, Jr.**
> JOSEPH L. HUBBARD, JR. (HUB015)
> Attorney for Defendant King

---

[1] The Special Report applies on its face only to Defendant King because Defendant Greene, as a Phenix City Police Officer, could not assert absolute immunity as a defense to the Plaintiff's claims.

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail:  jhubbard@webbeley.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent notification of such filing by placing a copy of the same in the United States Mail, postage prepaid, to the following:

William Lanier Ellis, Sr.
c/o Russell County Jail
Post Office Box 640
Phenix City, Alabama  36868


**s/Joseph L. Hubbard, Jr.**
OF COUNSEL